Circuit Court of Cuyahoga County.

FRANK BRADLEY ET AL v. W. H. K. HERRON, and W. H. K. HERRON v. FRANK BRADLEY ET AL.

Decided, June 17, 1912.

*Appeals—Discovery—Judgment Entered Before Overruling Motion for New Trial—Bill of Exceptions.*

1. An action on a contract for a money judgment though it require a discovery of information solely in the possession of the defendant, is triable to a jury and not appealable.

2. Final judgment should not be rendered in an action until the motion for a new trial is overruled, where one is properly filed, and where judgment is entered before the overruling of the motion for a new trial, the forty days for the preparation and filing of a bill of ex ceptions does not begin until the overruling of the motion for a new trial.

*T. H. Hogsett, M. H. Nason* and *William Howell,* for Frank Bradley et al.

*Matthews & Orgill,* contra.

NIMAN, J.; MARVIN, J., and METCALFE, J. (sitting in place of Winch, J.), concur.

Frank Bradley and L. G. Bradley were plaintiffs and W. H K. Herron was defendant, in the court of common pleas.

The defendant has appealed from the judgment of the court below, and has also prosecuted error to reverse said judgment.

The plaintiffs have filed a motion to dismiss the appeal for the reason that the cause is not appealable.

The petition discloses a cause of action based upon a contract whereby the plaintiffs sold to the defendant twenty-five shares of the capital stock of the Herron-Bradley Coal Company, and were to be paid therefor an amount not to exceed $1,250, depending upon the net profits of the corporation during the first and second years following the sale of the stock. If the corporation made no profits during this period of time, the defendant was to pay nothing for the stock.

The petition, after the title of the cause, bears the words, "petition for specific performance and equitable relief," and contains averments to the effect that the defendant has refused to take an inventory of the property of the corporation as required by the contract under which the stock was sold; that he has refused to permit an audit of the books of the corporation; that he has so carelessly kept the books that it is impossible to discover the condition of the business without the services of an expert in auditing; and that he has refused to submit to the plaintiff any statement of the business as to profits.

The relief sought against the defendant, as expressed by the prayer of the petition, is:

"That he be required to submit the books of the Herron-Bradley Coal Company, and the books of its successor, the Economy Coal & Supply Company, to such proper attorney or attorneys as these plaintiffs may designate, for examination, and for the purpose of verifying the statement of said defendant as to profits. That he be required to furnish to these plaintiffs said statement as to profits for the year ending May 23, 1908, and May 23, 1909.

"That he be required to make a complete inventory of said corporations, and that he be ordered and required to permit these plaintiffs to be present at the making thereof. That he be required to exhibit to these plaintiffs the checks, vouchers and cash account of said corporations showing the amount of money drawn by him as salary for the two years mentioned in said agreement, and that he be required to exhibit to these plaintiffs, the vouchers, papers and books showing the cash and other items advanced by him as loans to care for the obligations of said corporations and that plaintiffs have judgment for $1,250 and interest from May 22, 1909, or for such less sum as shall be found to be the net profits of said business for said years, and for such other and further relief as may be just and proper."

In spite of the fact that the petition is called one for specific performance and equitable relief, and in spite of the prayer of the petition, conforming to the averment mentioned, it is apparent that the main relief sought by the plaintiffs is the recovery of a money judgment for breach of contract. The case is identical in principle with *Chapman* v. *Lee,* 45 O. S., 356. The syllabus of that case is as follows:

"1.   Upon the trial of an action against several defendants, where the plaintiffs in their petition charge upon the defendants a conspiracy to cheat and defraud the plaintiffs, thereby procuring and appropriating to their own use a single sum of money which rightfully belongs to the plaintiffs, and which they are entitled to recover, and for which they seek a joint judgment against the defendants, and the answer admits the receipt of a stated sum of money, and is otherwise, in effect, a general denial, either party is entitled to demand a jury, notwithstanding the plaintiffs pray for a full discovery, and for an account of the full amount due to them, and to have an equitable lien declared and enforced.

"2.   In such case the remedy of accounting in equity is not necessary to full and adequate relief to the plaintiffs.

"3.   Adequate means of obtaining discovery from parties to actions at law being afforded by our statute, suits for discovery, as prosecuted in equity, before the adoption of the code, are practically obsolete in this state."

It follows that the appeal in this case must be dismissed.

Coming to the consideration of the error proceedings, we are called upon to decide whether or not the bill of exceptions was filed within the required time. The case was decided by the trial court on April 3d, 1912, and a motion for a new trial was filed on the same day. On April 4th the court rendered final judgment for the plaintiff without passing on the motion for a new trial. On April 6th the motion for a new trial was overruled. The bill of exceptions was filed on May 14th. If the time within which the bill of exceptions should have been filed is to date from April 4th, it was filed one day too late, but if the day when the motion for a new trial was actually overruled is the date from which the forty days begins to run, the bill was filed within the required time.

Final judgment should not have been rendered until the motion for a new trial was overruled, and we think that the defendant had forty days from the overruling of his motion within which to file the bill of exceptions.

The case below was tried to the court, who gave judgment to the plaintiffs for $750.    The only error complained of is that this judgment is not sustained by sufficient evidence.

The plaintiffs' right to recover of the defendant depended upon the question of whether there were any profits made by the corporation during the two years following the making of the agreement sued upon.    To the extent of any such profits up to $1,250, the plaintiffs were entitled to judgment.

On behalf of the plaintiffs there was evidence tending to show that the corporation had made a net profit during the two years covered by the inquiry somewhat in excess of the judgment given the plaintiffs.    On behalf of the defendant, there was evidence tending to show that the business had been conducted at a considerable loss, and that the defendant had contributed out of his own personal means sufficient money to keep the concern going.    It is apparent that great difficulty must have been experienced by the trial court in arriving at any exact determination of the profits of the corporation.    The books and records of the company were in confusion, and the defendant's ownership of all the stock seems to have lead to something of an intermingling of his personal finances with company affairs.

The trial court, with the witnesses before him, on the evidence presented, rendered judgment for the plaintiffs in the amount indicated, and we are unable to say that the judgment is against the weight of the eveidence.

While the burden rested upon the plaintiffs to establish by the required degree of proof that profits were made during the period named in the contract, and the amount of such profits, still the judgment should not be disturbed merely because the amount of the judgment does not correspond to the exact dollar to the profits shown, if there was evidence which would sustain a finding that the profits were at least as large as the judgment rendered.    Such a judgment is not necessarily illogical, and even if it be so, it is because of the defendant's carelessness in not so

keeping the books and records of the corporation under his control, as to be able when called upon to render a clear and unimpeachable accounting of its profits.

Judgment affirmed.